1  THOMAS P. O'BRIEN                                  **MADE JS-6**
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  MONICA E. TAIT
   Assistant United States Attorney
6  California Bar Number 157311
   Asset Forfeiture Section
7       1400 United States Courthouse
        312 North Spring Street
8       Los Angeles, California 90012
        Telephone: (213) 894-2931
9       Facsimile: (213) 894-7177
        Email:     Monica.Tait@usdoj.gov
10
   Attorneys for Plaintiff
11 United States of America

12
                    UNITED STATES DISTRICT COURT
13
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
14
                        WESTERN DIVISION
15
   UNITED STATES OF AMERICA,      )   CV 08-02741 GW (PLAx)
16                                 )
             Plaintiff,            )   CONSENT JUDGMENT OF FORFEITURE
17                                 )
             v.                    )
18                                 )
   $264,888.70 IN BANK ACCOUNT     )
19 FUNDS, AND $77,035.00,          )
   $72,922.00, $18,095.00 IN U.S.  )
20 CURRENCY, AND $204,706.40       )
   IN BANK ACCOUNT FUNDS,          )
21                                 )
             Defendants.           )
22 _____)

23

24      The court having reviewed the accompanying Stipulation for

25 Entry of Consent Judgment between plaintiff United States of

26 America (the "government") and claimants Moussa Matar, Feyrouz

27 Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (a.k.a. Rayna Ahmed

28 Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar,

1 Fatima Matar, and Ali Saleh, IT IS HEREBY ORDERED AS FOLLOWS:

2       1.   Claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa

3 Matar, Rana Ahmed Ghasham (a.k.a. Rayna Ahmed Gashamp), Zeinab

4 Matar, Nour Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali

5 Saleh ("Claimants") have asserted an interest in one or more of the

6 defendants $264,888.70 in Bank Account Funds, and $77,035.00,

7 $72,922.00, $18,095.00 in U.S. Currency, and $204,706.40 in Bank

8 Account Funds.  The defendants are referred to collectively as

9 "defendant funds."

10       2.   On April 17, 2007, plaintiff United States of America

11 commenced this judicial forfeiture action by filing a Complaint

12 alleging that the defendants are forfeitable to the United States

13 pursuant to 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C), and 984.

14       3.   On July 28, 2008, the government filed a First Amended

15 Complaint, which added the defendant $204,706.40 in Bank Account

16 Funds as a defendant in the case.  Claimants Moussa Matar, Feyrouz

17 Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (a.k.a. Rayna Ahmed

18 Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar,

19 Fatima Matar, and Ali Saleh each filed a claim to contest the

20 forfeiture of one or more of the defendant assets, but no answers

21 were ever filed.

22       4.   Plaintiff has notified other potential claimants of this

23 action pursuant to Supplemental Rule G of the Federal Rules of

24 Civil Procedure.  The United States published notice of the

25 original Complaint on May 20, 27, and June 3, 2008, and the First

26 Amended Complaint on August 14, 21, and 28, 2008.  No other claims

27 or answers have been filed to contest the forfeiture of the

28 defendant funds other than specifically noted above, and the time

1 | for filing claims and answers has expired.  All potential claimants

2 | to the defendant funds other than the Claimants who signed the

3 | parties' stipulation are deemed to have admitted the allegations of

4 | the Complaint and First Amended Complaint ("FAC").

5 |     5.    It is the intention of plaintiff and the Claimants to

6 | resolve all of their competing claims to the defendant funds by

7 | their Stipulation.

8 |     6.    The Court orders the following disposition of the

9 | defendant funds, based on the parties' stipulation:

10 |     a.    The United States shall have judgment in the present

11 | forfeiture action against the interests of Moussa Matar, Feyrouz

12 | Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (a.k.a. Rayna Ahmed

13 | Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar,

14 | Fatima Matar, and Ali Saleh, and all other potential claimants, in

15 | all of the following defendants (collectively, the "Forfeited

16 | Funds"):

17 |         (1)   $241,438.70 of the defendant $264,888.70 in Bank Account

18 |               Funds (which defendant is particularly described at

19 |               paragraphs 6(a)-(g) of the FAC); and

20 |         (2)   All of the defendant $204,706.40 in Bank Account Funds

21 |               (which defendant is particularly described at paragraphs

22 |               8(a)-(e) of the FAC).

23 | The Forfeited Funds are hereby condemned and forfeited to the

24 | United States of America.  The United States Marshals Service shall

25 | dispose of the Forfeited Funds in accordance with law.

26 |     b.    The United States shall return the remaining $23,450.00

27 | of the defendant $264,888.70 in Bank Account Funds; and all of the

28 | defendants $77,035.00, $72,922.00 and $18,095.00 in U.S. Currency,

1  plus all interest actually accrued thereon since the time of

2  seizure, to claimants, via one or more checks payable to Hussein A.

3  Chahine Client Trust Account.  Not later than 30 days after the

4  entry of this Consent Judgment, said check(s) shall be mailed to:

5  Hussein A. Chahine; 33 South Catalina Avenue, Suite 202; Pasadena,

6  California 91106.

7       7.   Except as to such rights and obligations created by their

8  agreement, claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa

9  Matar, Rana Ahmed Ghasham (a.k.a Rayna Ahmed Gashamp), Zeinab

10  Matar, Nour Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali

11  Saleh, have released and agreed to hold harmless the United States,

12  and any agents, servants, and employees of the United States (or

13  any state or local law enforcement agency), including without

14  limitation the Federal Bureau of Investigation, acting in their

15  individual or official capacities, from all claims, actions or

16  proceedings, including, but not limited to, any claim for

17  attorney's fees and/or costs, or interest, which may hereafter be

18  asserted or brought by any of them or on their behalf which arise

19  out of the present action.

20       8.   Each party shall bear its own costs of litigation and

21  attorney's fees.  Each party waives its right to appeal.  This

22  Consent Judgment constitutes a certificate of reasonable cause

23  pursuant to 28 U.S.C. § 2465(a)(2).

24       9.   The Court retains jurisdiction over this case and the

25  parties hereto to effectuate the terms of their settlement and this

26  Consent Judgment.  The clerk is hereby ordered to enter this

27  //

28  //

1   Consent Judgment, which constitutes a final judgment resolving this

2   case.

3          IT IS SO ORDERED.

4   DATED: June 25, 2009                    _____
                                            The Honorable George H. Wu
5                                           UNITED STATES DISTRICT JUDGE

6   PRESENTED BY:

7   THOMAS P. O'BRIEN
    United States Attorney
8

9        /s/
    _____
    MONICA E. TAIT
10  Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28